May it please the Court, I'm Mike Varner, I'm here representing Brown-Sims. There was an interest in the arbitral award that was entered by the arbitrator and then was confirmed before the District Court. I wanted to address two principal issues today. The first one is why the District Court had subject matter jurisdiction over Brown-Sims' interest in JR's award. Number two is why this Court should render judgment for Brown-Sims. The first issue I want to address STEM for since the Court asked us to address, I know that was written by Judge Jacobson. What I would like to ask you to begin with is the case is moot and there's no Article III controversy once the District Court entered its order dismissing the order enforcing the arbitration because the parties had settled the case. No party before the Court had a dispute. There's no Article III controversy existing. The case is dead unless you can somehow revive it to file a motion or some other procedural device to set aside the alleged collusive settlement. I want to know how you approach this appeal from determining that the case was not moot at the time everything else in this case occurred. This case was not moot because Brown-Sims had an assigned interest of the plaintiff's cause of action against the defendant. There was no controversy from the point of view of the District Court. The only parties before it had settled the case. There was no party before it at the time the Court entered the order. All this other stuff came in later. There's a sequence of events. Brown-Sims had an interest in the entire case from the beginning. It was not an indispensable party at the outset of the case. It would not normally file a lawsuit on its own behalf. It was carried along with the plaintiff's case all the way through the arbitral award. At that particular time, this Court has jurisdiction over the entire arbitral proceeding because the convention was— I agree with that. I agree with that except for the fact, I mean, if the case had been preserved and it was not moot at the time you began to raise all these issues. I mean, how is the case going to be revived? Now, maybe I'm wrong about this, but how is—the case is clearly moot. If nothing else had happened after the District Court entered its judgment saying these parties have no further dispute, it would have been dead. Now, you've got to do something to revive it. Well, under—essentially— And he did not intervene. He did not intervene, did not want to intervene. The other case—the other puzzling thing about this case is why we're dealing with diversity jurisdiction. Okay. I don't understand that. I think I can address that. Under Rule 25c, a party who has a transferred interest to it can continue the case in the name of the transferor. So in this particular case— If there's a live case. If there's a live case. transferor, the case was transferred when they—before they settled, they had notice of our interest. That's when we had the ability to have an interest in the case. Before they settled, CNA had notice of your interest? Yes, that is correct. Maybe in that dialogue it will be helpful for me to hear. What was the motion you filed so as to revive the case? Well, we filed a—well, essentially we filed—the way this case was presented was AJR had already moved to confirm the arbitral award. It was during the process, during the time between the movement of the—confirming of the arbitral award that the parties apparently settled without Brown Sims' knowledge. So Brown Sims really couldn't have intervened at that point because it didn't even know about it. Exactly. Okay, but once—but the question to you has been once the case was dismissed. The case wasn't dismissed at that particular point. I know, but once it was, what did you file? Well, we filed a motion for relief from the judgment ourselves. Okay, and we also filed a clarification of our interest in the thing, and we also filed a response, essentially— And how was the motion for relief resolved? Did the district court say, I don't have jurisdiction over this, or did the district court deny it? The district court denied it. And so you're appealing from that denial. That's correct. Yes, that's one of the orders that was resolved by the district court was because we had asked the court for relief. In other words, to modify the judgment that at that time existed, seeking to have our interest entered as the judgment of the court. You know, I didn't notice—it's my fault. I didn't take notice of the notice of appeal. What order or orders are you appealing from directly? The notice of appeal, what did you appeal from? We appealed from the—well, going backward, well, I guess the memorandum and order of the court, which was— You got an appeal on the judgment, right? Right, which was then embodied in an amended final judgment. In that amended final judgment, the judge denied our motion for relief from the previously entered judgment. And he also denied—he also granted their motion to set aside the prior judgment. And then I'm trying to remember what the other—if there was another order in that particular judgment. Go ahead. I'm not going to ask you any more questions, I hope. I won't sort of let you make your argument. I want to be trying to answer your question. I know, but I want you to make your argument. Okay. So the basis for the jurisdiction of the district court is that—at least one basis. I think there's more than one basis for jurisdiction in the district court, is the convention itself. The federal—the Convention on Recognition and Enforcement of Foreign Arbitral Awards gave the district court jurisdiction over the entire arbitral proceeding and on the confirmation and enforcement of the arbitral award. In order for that—in order for the convention to apply, there must be two requirements. It's set out in the STEM court decision. It's also set out in the Frudenstrom decision, which was cited in the briefs. So the arbitral— There was a motion—I'm violating my own restraint. But was a motion to intervene filed in this case? There was a motion to intervene that was formally filed, yes. And then was it withdrawn? It was withdrawn. And does the record show that there is no motion pending for intervention? No, there was a motion that was subsequently filed, repeating requesting the intervention, based on the convention. Okay. And how was that resolved? That was denied by the district court. As moot, lacking jurisdiction, or— Well, it didn't say it was moot. It said it was based on lack of jurisdiction. Because he was referring to diversity jurisdiction. The order is somewhat confusing when you read the order, because he basically says nothing has changed from the prior discussion. But, in fact, we had asked—we had told the court by that point, there is jurisdiction here because of the convention on— I hate to call it the convention on recognition, but it's the convention on recognition and enforcement of foreign arbitral awards. It's called the convention. So he was—we brought that to his attention as the basis for our intervention, and the judge denied it. Now, there was, in order for the convention to apply, there has to be an arbitration agreement or an award. It must be in writing. There was one in writing in this particular case, both an award and the agreement itself. And Brown sends, of course, as an assignee of an interest in the arbitral—in the contract and subject to the arbitration agreement. The agreement must provide for arbitration in a territory of a convention signatory, which is the case here. The U.S. is a signatory. The agreement must arise out of a commercial legal relationship. There is no dispute that this is a relationship between two international commercial parties. And at least one part of the agreement must be a non-American citizen, which is the case, because out of just resources, AJR, the plaintiff in this case, was a Malaysian entity. Then the second requirement for jurisdiction to apply is that the dispute must relate to either an arbitration agreement or an award. In this case, clearly the dispute relates to the arbitration agreement and award because Brown says it's seeking its interest, which was under that particular award. Both AJR's claims and B.S. Brownson's interest in that claim have connection, relationship, reference to that award. Thus, the district court has federal jurisdiction, federal question jurisdiction, over Brownson's request for the modification of the judgment. Now, I also want to just point out that we also raised to the district court that it had diversity jurisdiction because this case was premised initially on diversity jurisdiction. AJR was diverse. The plaintiff was diverse from CNA Metals, the defendant in this case, because AJR is Malaysian and CNA is a Texas entity. Why was it ever based on diversity jurisdiction when you were asserting a claim under the arbitration convention? Because actually it was not raised by the plaintiff as being determined by the convention. The defendant raised the convention and pointed out to the court back in 2014 that the court had jurisdiction over the case under the— so CNA pointed it out to the court that the court had jurisdiction under the convention and requested that the case move to arbitration instead of being pending before the district court. That's how the issue originally arose. We did not originally raise it, although we realized later that, in fact, that was the basis for jurisdiction over our own interest in the award. Now, as I was pointing out earlier, Brown-Sims is not a party at the outset of the case. Brown-Sims is not an indispensable party at the outset of the case. There's a case law from the Fifth Circuit, Grassi v. Guygee, which was mentioned in the brief. And so Brown-Sims would not be listed as a party at the outset of the case. However, when the settlement occurred and they had notice of our interest, effectively under Texas law, which governs the relationship, Brown-Sims succeeded effectively to AJR's interest in—at least to the extent of Brown-Sims' interest in the award. By that point, there had already been an award. So Brown-Sims already had been essentially—the assignment had basically taken effect at that point. And so— So this is shifting to a supplemental jurisdiction theory? No, this is based on the fact that diversity was in existence at the outset of the case. But exclusively between AJR and CNA? Yes, but under 25C, when there's a substitution, you don't have to have an actual formal substitution. The original plaintiff can continue to be the named party under 25C. It says if an interest is transferred in action, it may be continued by the original party unless the court orders the transfer to be substituted. There's a Fifth Circuit case, Mississippi Phosphates v. Analytic Strass 402, Fed Appendix 866, 2010, in which that recognizes that an assignee can succeed to the rights of the assigneur and can proceed in the name of the assigneur. In addition, under 25C, the assignee need not substitute. In other words, it just like automatically happens. Could you speak just quickly, with a little time left, to our Griffin decision? Oh, to the Griffin v. Lee decision? Yeah. Well, the Griffin v. Lee doesn't apply for a couple of reasons. The original plaintiff still remained in that case. There wasn't a transfer like there is in this case, a transfer to the assignee like Brown sends. And so 25C doesn't even have any application in that Griffin v. Lee. In addition, in that case, the attorney withdrew, was not a party to the case, and attempted to intervene separately in that particular case. And so the facts are significantly different and don't warrant – and also this goes back to diversity. So essentially Griffin v. Lee is going to supplemental jurisdiction. Since we don't even need to get to supplemental jurisdiction, Griffin v. Lee is essentially inapplicable for purposes of what we're here to decide today. But there are cases that show that under Griffin v. Lee that its analysis of the fact that – in other words, it's not really inconsistent with diversity jurisdiction for the attorney to intervene in the case. And there are cases that have indicated that, both from the Sixth Circuit, also from even the Fifth Circuit itself, like the Gaines case. They recognize that where diversity exists at the outside of the case and the attorney tries to intervene, it's essentially not a new party for purposes of diversity jurisdiction. And Gaines is still law? I think Gaines is still law with respect to that particular issue, yes, I do. Okay. You've got time reserved. I think I'm out of time. No, but you've got more. But I've got more. Mr. Braun? May it please the Court, Darren Braun, Your Honors, for appellee CNA. I would like to begin my presentation by focusing on the realities of the situation as found by the district court instead of the way that Brown said that I think I was tenuously following the underlying facts and how it has tried to shoehorn this case now into convention jurisdiction. The realities of the facts found by the district court frame why this court lacks jurisdiction under either convention jurisdiction, under diversity, or why the district court properly denied the intervention. And I think the most important fact for this court to focus on is Brown Sims was not simply trying to enforce an arbitral award. It was not at all trying to enforce an arbitral award. The arbitral award in the underlying proceedings was between CNA and AJR, and the district court confirmed that arbitral award and entered it into a final judgment. What the district court found was that Brown Sims, in coming in after that, was not trying to confirm an arbitral award but was now trying to assert a purely state law cause of action against the opposing party for a lucidly collusive settlement. Did you represent CNA in the compromise with AJR? Yes, we did, Your Honor. And you were responsible for depriving this man of his fee? Your Honor, with the benefit of hindsight, things happen that are very regrettable. Ultimately, it's a complicated factual situation, but we did not know about what was going on with respect to Brown Sims. I don't mean to detract. Go ahead with your argument. Certainly, Your Honor. It's a fair question. So, Your Honor, going back to what the reality of the situation was, was that Brown Sims was not trying to enforce an arbitral award. Instead, it was trying to enforce its share of the proceeds paid in settlement to AJR. And that is what, under this court's opinion in STEMCOR, severs the relatedness between whatever claims that Brown Sims was trying to now assert against CNA based on state law claims. Those are now severed from whatever relationship they may have had with the arbitral award. As this court stated in STEMCOR, even in Acosta v. Master Maintenance, and in the underlying case, Beiser v. Weiler, ultimately the relatedness test requires the party asserting the claim to show that an arbitral agreement or arbitral award could have some sort of conceivable effect on the outcome of the party's claims. And in this case, whatever arbitral award existed, Judge Warline found, and they don't – Brown Sims, that is, doesn't dispute or challenge the judge's court's finding that it was supplanted and superseded in a settlement agreement. And now whatever Brown Sims claims have derive solely from that settlement agreement, not from the arbitral award itself. Therefore, the arbitral award could conceivably have no effect on the outcome of the… At what point was your client aware of this 37% interest? The first time my client was aware of that fact was on the day after Judge Warline entered a judgment confirming the arbitral award, and to get into some quick procedural background, the party settled after the arbitration in early December. Meanwhile, unbeknownst to us – and again, the complications for the underlying case was that CNA's original counsel died in the period of time from when the arbitration ended and the issuance of the arbitral award. So on the day the arbitral award was issued, CNA's counsel died, and CNA never realized that there was an arbitral award until some weeks later. We were brought in simply to assess whether or not there was any basis to ask for reconsideration of the arbitral award. We concluded there was not, and so that was it. Their 6TV motion was reconsider arbitral award. Pardon me, Your Honor? So once you became aware that the December 8th discussions with AJR would substantially reduce the amount your client had to pay, but it would do so by cutting out entirely the assignee interest, the lawyers, that's when your next filing to the district court stated what? Right. I mean you could – if it is so regrettable that the lawyer that did do all the work, that clearly had an assignee, I would have thought that at that point you would say let's correct this. At that point, the settlement proceeds had already been paid, and Brown Sims then said that our client was responsible for the entirety of the $500-some-thousand of the arbitral award. At that point in time, our next action with the district court was to file a motion to set aside the judgment on the basis that it had been satisfied by the settlement agreement. So you filed the motion to set it aside on the basis that it's been satisfied, even though at that point you knew that they had been cheated out of their money, resulting in benefits to you as well as AJR. At that point in time, we did realize that AJR had basically cheated everybody in the case, leaving everybody holding their own bags and now forcing the parties now to go against themselves. So you're agreeing the district court had original jurisdiction under the convention, STEMCORP. What you're disputing is that their subsequent claim related to that arbitral award, related to falls under – is that the legal position you're taking here? Your Honor, if I – yes, if it had been timely raised by Brown Sims in the first instance, then yes, I think the court may have had original jurisdiction to decide some very limited issues. For example, whether or not Brown Sims' proposed claim against CNA was arbitrable or whether or not it related to the arbitration agreement. But ultimately that's a limited inquiry, and as this court held in Beiser v. Weiler, convention jurisdiction, though broad at the outset, is very fleeting because once a case goes up to federal court and is filed in federal court under the convention jurisdiction, usually one of two things is going to happen. The court is going to compel arbitration of the arbitrable claims, and he's going to not compel arbitration of the non-arbitrable claims, and at that point in time he's made the decision that the non-arbitrable claims don't fall under the convention and should therefore usually just dismiss the case for lack of subject matter jurisdiction or remand the claims back to state court. So I think Brown Sims' argument misses the point because simply because the court may have had convention jurisdiction to do those discrete things in the case doesn't convey a limited jurisdiction over all other claims that arise in that – or that fall within that action. But, I mean, that's all related to STEM Corps, though, is it not? In other words, just how broad the jurisdiction of the convention is once it attaches. And this does seem to me to certainly arise out of and connected with and affect the amount of the award to the parties and the obligations and liabilities of the parties. I mean, it goes to the very heart of the arbitration award, doesn't it? No, it doesn't, Your Honor, because ultimately, again, the district court found and Brown Sims did not challenge that there was a valid settlement agreement that had the effect of releasing the arbitration. I don't – now, I thought that under Rule 60 they wanted relief from judgment. I don't know specifically what allegations were made in that motion, but I assume that in that motion they were saying that the settlement agreement was collusive, at least to some extent. Yes, Your Honor. They did raise that point in response to – first, we filed a motion to set aside the final judgment on the basis that it had been released and satisfied. They then filed a response to that as well as a motion for relief from final judgment, arguing that the settlement agreement was invalid and ineffectual because it was collusive or because the scope of the settlement agreement did not cover the arbitration award or the final judgment. Was that before – did they raise that Rule 60 motion before the judgment, before the district court entered an order dismissing the case because it had been settled? They raised the issue of their relief from final judgment prior to – yes. Prior to the court entering an order dismissing the case on the basis of the settlement. Right. The motions that they filed after that were – was not formally moved at the time that they filed their motion, Rule 60 motion. That motion, no, Your Honor, was not moved, but they filed a motion to alter or amend judgment after that order came out in which the court found there is no longer a case of controversy because the settlement agreement – Then they filed a motion to amend the judgment or what? Is that what you're saying? I don't recall that – oh, yes. They filed a motion to alter or amend judgment under Rule 59 about a month after the district court's June 20th order. Okay. You both are good to have come prepared to discuss STEM Corps. And as the author, this may be just vanity, but do you – let me just understand. Do you dispute the analysis in STEM Corps or you just say it doesn't apply here? No, I would never – Don't worry. No, no. I would never dispute the court's holding in STEM Corps. I'm saying that even if the district court had been presented with that argument and had undertaken that argument based on the fact that it found a valid and effective settlement agreement that had the effect of – If we were to conclude there was jurisdiction, what happens on remand? On remand, Your Honor, I think you have to send it back for a very limited consideration, which is one, are the Brownsons' claims against CNA arbitrable? Or under the court's analysis of STEM Corps, does Brownson's proposed state law claim against CNA relate to the arbitral award? Because ultimately – Although he didn't have time in his original argument, his second point that he indicated he would get to us is why we should render here in his favor. So I wanted to give you a moment to explain why, even if the jurisdictional point is different, there are fact questions that would have to be resolved. Absolutely, Your Honor. The worst case scenario is that you would remand back to the court just to examine the – The worst case is we render in his favor. Right. I mean – well, right. But I mean that argument I think has no basis in law or fact. Procedurally, this is effectively like an appeal from a court or dismissing a case for lack of subject matter jurisdiction under Rule 12b-1. I don't think I've ever seen a situation when a party has appealed the dismissal for lack of subject matter jurisdiction under Rule 12b-1 and says, not only does the court have jurisdiction, but you should just go ahead, court of appeals, and adjudicate my negligence claim on the papers itself. Yeah, but here is what I said is the – what is appealed before us is the denial of the Rule 60 motion for relief from judgment. In the relief from judgment, he says the settlement was collusive. All of the undisputed facts seem to me to indicate that the settlement was collusive because it completely ignored the 37.5 percent or 37 percent interest that he had in it to your own benefit, to each of the parties' benefit of about $100,000. Those seem to be undisputed facts. And we would say on the undisputed facts the district court erred in not giving relief from judgment to Brown-Sims and because these undisputed facts justify and support fully the claim of Brown-Sims, we ordered the district court on remand to end our judgment in its favor. Why shouldn't we do that? Well, Your Honor, I don't think it's undisputed at all that CNA was in any way aware that HAR had a contingency interest with its lawyer. And, in fact, the district court does note that notwithstanding Mr. Tecker's affidavit, which he testifies that he told— Whoa, whoa, whoa. You didn't think that he—you didn't think that Brown-Sims had any interest in the award of the arbitrator, the judgment that would result from the award of the arbitrator at all? No, Your Honor. How did you think—did you know a lawyer was involved in the thing? Did you think it came out of God's own grace in heaven? How did they have $500,000 in their pocket? And did the devil issue the liability of $500,000 against CNA? I mean it had to come from somewhere. Absolutely, Your Honor. Again, proceeding my answer with we were in a tough, difficult situation because their attorney had passed away and we were trying to analyze the— Well, that doesn't make you take complete leave of your senses. No, it doesn't, Your Honor. But ultimately, in the arbitration, which we were aware of, not aware of any pending federal court proceedings, CNA was postured as a plaintiff and it just didn't cross our mind that perhaps Brown-Sims would have a defensive— Did you know the case had been arbitrated? We did know that, Your Honor. And did you know there was an arbitration award? We did know that, Your Honor. And you knew that it had to result from litigation? You knew that? We knew it resulted from the arbitration. Okay. And did you know anything else about it? Did you know about the agreement that they had with Brown-Sims? No, Your Honor. In reviewing the entire voluminous arbitration proceeding transcripts and evidence to determine whether there was a basis to ask the arbitrator to reconsider, there is no mention anywhere in the record about any sort of fee agreement that AJR had with Brown-Sims. But the record hasn't been developed about what was said and happened on December 8th when the phone call occurred between CNA and AJR. Or is your representation that it is undisputed that there was no reference by AJR about, hey, we can both cut our losses if we cut out the lawyer? I would say that that's not what occurred, but— That's never been inquired into, but I've seen the emails between the parties. That conversation didn't take place. But ultimately, I think this discussion is what highlights that. Ultimately, Judge Warline concluded that, look, Brown-Sims may very well have a claim against CNA under Texas state law for collusive settlement. But at the end of the day, that's a cause of action that they need to file in an appropriate forum. And even if Judge Warline was wrong that he didn't have jurisdiction to adjudicate that state law claim, ultimately Judge Warline didn't reach the merits of that state law cause of action. And so in the event the court were to reverse, it wouldn't be to reverse and render because ultimately the merits of that claim were not before Judge Warline. Judge Warline did not reach the merits of that claim. He may have previewed Brown-Sims' argument, but there were no summary judgment proceedings. There was no trial. It would need to be sent back for Judge Warline to, in the worst-case scenario, adjudicate the merits of that claim just like any other lawsuit. Okay. So there's a dispute, a dispute of fact on the merit of the ruling on the Rule 6 to B motion you're telling me as to whether the judgment was collusive or not collusive. I apologize. Whether the settlement was collusive or not. There is a disputed issue of fact you're saying. Absolutely, Your Honor. It's disputed. But ultimately Judge Warline didn't reach that disputed issue of fact or touch upon it because he concluded he didn't have jurisdiction to do anything with it in the first place. Again, his order, though— If it went back, as I understand, if it went back without saying specifically what your defense would be to the charge of collusiveness, it is we did not know anything. We did not know that Brown Sims had a contingency fee interest— Or anybody else had it. Right. You thought this— Well— Okay. You thought it was just an award by an arbitrator that the parties themselves could have appeared before him and litigated. We assumed that it was on an hourly basis. That was it. But ultimately, Your Honor, if you look at the case law on this collusive settlement, ultimately the burden of proof on Brown Sims would be to prove that CNA had actual knowledge that there was a contingency fee agreement and that the settlement was being paid to deprive Brown Sims of his contingency fee interest. That would be the merits of the claim that, again, the district court did not reach the merits on because it— Well, wouldn't—He represented—He represented what is AJR? That's who Brown Sims represented was AJR. Correct. So Brown Sims has to sue their prior law firm in Texas state court. How would the Texas state court have personal jurisdiction over the Malaysian company? It's gone now. What? I think it's—There is no Malaysian company. Just practically— Practically speaking, the lawsuit—I mean they could sue their own client, but the way they've tried to do it right now is to assert a claim against CNA, and CNA is a Texas company located in Houston. Yes, but then they have to show actual knowledge. Right. They would have to do some evidence showing that CNA had actual knowledge of their fee agreement and that the settlement was done to cheat them out of their fee agreement. Your Honor, turning real quick to your question about diversity jurisdiction, which was why is diversity jurisdiction discussed at so much length. It was because that's what was briefed. That's what was raised to the trial court, and Brown Sims' brief also largely goes off diversity jurisdiction. But just a real quick point about Griffin v. Lee. I don't think Brown Sims has proffered any—to the extent the court's jurisdiction is premised only on diversity jurisdiction, Brown Sims has proffered no explanation for why Griffin v. Lee isn't controlling. Their argument in their brief was essentially that Griffin v. Lee is bad law because it didn't consider the court's prior— But he modified and said it wasn't a 25C situation. Right, Your Honor, which I think is a superficial distinction, just like the superficial distinction that in that case Griffin didn't have an undivided interest. At the end of the day, Brown Sims is like Griffin, like the attorney in Gaines, like every other case they cited. They're a lawyer with a contingency fee interest intervening or trying to intervene to allegedly protect their rights to a contingency fee. So Griffin is directly on point for that proposition. That's exactly what happened in Griffin. And ultimately this court didn't need to consider its prior holdings in Gaines or in Gilbert or in George v. St. Keith because ultimately in 1990 those cases were effectively abrogated by statute when Congress enacted the supplemental jurisdiction statute, which plainly states, as Griffin v. Lee court held, that if you're going to intervene, even if you're an attorney seeking to protect your contingency fee interest, you still have to meet the requirements of diversity and of 1367B. Your Honor, I'm about out of time. If there's no further questions, then I'll remit my five seconds back to the court. Thank you very much. Very briefly, I would like to respond. A number of things that were said are incorrect. The first part is Brownsville's move for affirmative relief, move relief for entry of judgment and for entry of judgment and actually filed affirmative evidence, including the affidavit of Mr. And that puts them on the duty to inquire. That was clearly met here because even in the arbitration award, it references the fact that AJR was already out of business. That puts them on notice to say who's paying Brownsville's fee. They clearly knew Brownsville were the attorneys of record. We represented AJR. But he says they had the right to assume that he was paid on an hourly basis. As I understand his argument, there was nothing before them that ever indicated that Brownsville had an interest in this award. That's not correct. Okay, why not? The affidavit established evidence before the district court. That's the only evidence before the district court. There is nothing. They filed nothing, zero, nothing. There is no countervailing evidence that was before the court in response to our motion. There is, they say, they can come in here and say they had no notice, but they filed nothing to support that. There is nothing to support that. In fact, the only evidence— But wait, why the burden on you to show that they did have notice? That's not your client. But we did establish that by—I don't know that the burden is actually on us when they're seeking— How did they have—what is your evidence that they had knowledge of your interest in the award? Because Mr. Tecker told the attorney of record that he had a contingency fee interest in the client's case. He told who? Mr. Brown? No, he told the prior attorney who was the only attorney at the time of the arbitration hearing. But Mr. Brown says that at that point he had no knowledge of it and had not been informed. Have you shown him that he did? He did not put in any affidavit or anything to indicate that he did not. There is no evidence before the court that he did not, and it doesn't matter whether he had or not. The fact that the counsel for them had knowledge is all that's required. Under Texas law, notice to your counsel in the course of their duties is notice to the client. They had notice. What are your other points? Okay. You said there were several points to correct in just your time. Yeah, okay. The other thing is we are obviously seeking a share of the arbitral award. The award contains an interest that Brownsons is seeking.  That's why there's federal jurisdiction under the convention. Brownsons is seeking its percentage. And you have to understand the Texas law. The Texas law specifies that when they have notice, as the only evidence establishes that they had notice of our interest, then they cannot, the district court could not have released the entire judgment. The case was not over. And when Brownsons advised the court of that fact, it was not, and not only that, but once the court was advised that Brownsons had, there was jurisdiction under the convention, Brownsons would have been a party under 1982 because 1982 requires joinder of Brownsons at that particular point too because they have an interest in the matter. So, in brief, the convention and diversity gives jurisdiction over Brownsons' interest in the award. Number two, the only evidence that was ever presented to the district court was that they had notice, both actual notice via the statement in the affidavit and constructive notice by virtue of the fact that even in the arbitration award it specifies that AGR was out of business. How are they going to pay their fee? That would automatically, as a matter of law, put them on at least reasonable inquiry to inquire to Brownsons' interest. I would dispute some of the other facts regarding their knowledge of… The December 8 call when the settlement, the secret settlement was worked out, that was with the attorney that's now deceased? No, no. My understanding, of course, I wasn't involved in the settlement, but the settlement was between CNA's current attorneys and the Malaysian counsel for AJR, which had absolutely nothing to do with the United States proceedings. And they knew this because there was never any Malaysian attorneys involved in this, and they absolutely knew that Brownsons was involved in this case because they sent an email to Brownsons when they first got involved in the case, and that was after we'd already moved to confirm the award. They sent an email saying that they knew that Brownsons was actively involved in this case. They never once inquired or called or said anything about us. They were on notice. Okay. I mean, if I may ask the question of if we remand this to the district court, we would do so by ruling that the district court erred in denying your Rule 6 motion for relief from judgment. It would go back and you would present, both parties would present, your claim is against, of course, your claim is against CNA. It's not against these attorneys. Correct. It's against CNA. But the fact is that there's no reason to remand this case because it was all presented to the district court in the motion for relief from judgment with evidence. They didn't cite or prove any evidence on the contrary. So this depends upon if notice to the attorney who is now deceased to CNA charges CNA with that knowledge of your interest in it and you're holding CNA liable on the basis of what their previous attorney knew. If they had a dispute about that, they could have put something in the record to reflect that. There was no response to that. Yes. The answer is under Texas law, notice to the attorney is notice to the court. And the notice to CNA, I mean the notice to CNA's attorney who is now deceased, clearly and unequivocally knew of Brown Simms' interest in the award. That is correct. It's in the affidavit. He said during the arbitration hearing, which took place months, we're talking months before the actual award was entered, he spoke to him directly and put that in the affidavit. He said I spoke to him and I told him and he gave the circumstances of it in the affidavit. So he said I spoke to him and that's uncontroverted and it is unequivocal that he gave actual notice. Thank you. Thank you very much, Your Honor.